> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 16, 2022[*]
Decided February 17, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 21-2404

| | |
|---|---|
| STEPHEN FABIAN, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 1:15-cv-11628 |
| ZACKS INVESTMENT MANAGMENT, *Defendant-Appellee*. | Charles Norgle, *Judge*. |

**O R D E R**

Stephen Fabian filed a form complaint of employment discrimination against his former employer, Zacks Investment Management. After he failed to appear at two

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

No. 21-2404 Page 2

hearings, the district court dismissed the case for want of prosecution. He moved to reinstate the case, explaining that he struggled to prosecute his case because he was homeless and unemployed. The district judge agreed to reinstate the case. But Fabian missed briefing deadlines and another status hearing, and the judge ultimately granted Zacks's motion to dismiss the case for failure to state a claim.

Four years later, Fabian moved to reopen his case under Rule 60(b)(6) of the Federal Rules of Civil Procedure, citing his struggles with homelessness and mental illness. The judge denied the motion, explaining that "four years is not a reasonable time" to bring such a motion.

Twenty-seven days later, Fabian filed a nearly identical motion, this time styled under Rule 59. The judge denied this motion for the same reasons as set forth in his prior order. Within thirty days, Fabian filed a notice of appeal.

As a threshold matter, Zacks argues that we lack jurisdiction over this appeal because Fabian failed to file a notice of appeal within thirty days from the denial of his Rule 60(b)(6) motion. *See* FED. R. APP. P. 4(a)(1)(A) (requiring notice of appeal to be filed within thirty days of entry of order appealed from). Zacks maintains that, because Fabian's second postjudgment motion was "nearly identical" to the first, it is a successive Rule 60(b) motion that is not reviewable on an untimely appeal.

Fabian's two postjudgment motions are not successive. His Rule 60(b) motion—filed more than twenty-eight days after entry of judgment—is treated as initiating a new proceeding whose decision is final and separately appealable. *Bell v. McAdory*, 820 F.3d 880, 882–83 (7th Cir. 2016); *York Grp., Inc. v. Wuxi Taihu Tractor Co.*, 632 F.3d 399, 401 (7th Cir. 2011). His Rule 59 motion sought to alter the judge's denial of his Rule 60(b) motion, and it deferred the time for appeal because Fabian filed it within twenty-eight days of that denial. *York Grp., Inc.*, 632 F.3d at 401 (citing FED. R. APP. P. 4(a)(4)(A)). Because Fabian filed a notice of appeal within thirty days from the denial of the Rule 59 motion, we have appellate jurisdiction over the denial of the Rule 60(b) motion.

On appeal, Fabian maintains that the judge minimized the obstacles he faced in trying to reopen this suit. But we review the denial of a Rule 60(b) motion only for abuse of discretion, *Jones v. Ramos*, 12 F.4th 745, 749 (7th Cir. 2021), and we see none here. Although there is no set time limit for filing a Rule 60(b)(6) motion, it must be filed within a "reasonable time." FED. R. CIV. P. 60(c)(1). Nothing on this record suggests the judge was unreasonable to leave a four-year-old judgment alone. *See Kathrein v. City of*

No. 21-2404 Page 3

*Evanston*, 752 F.3d 680, 689 (7th Cir. 2014) (four-and-a-half-year delay would be unreasonable); *accord Williams v. Kelley*, 854 F.3d 1002, 1009 (8th Cir. 2017).

AFFIRMED

CERTIFIED COPY

A True Copy
Teste:

_Lindsay _____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit