IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Stephen Fabian, | ) | |
| | ) | |
| Plaintiff, | ) | 15 C 11628 |
| | ) | |
| vs. | ) | Judge Jorge L. Alonso |
| | ) | |
| Zacks Investment Management, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated herein, Plaintiff's motion to reinstate [48] is denied. Case remains closed.

## STATEMENT

Plaintiff, Stephen Fabian, has filed a motion to reinstate this case, which has been closed since 2017, when the previously assigned judge granted the defendant's motion to dismiss. (ECF No. 33.)

This is not Plaintiff's first attempt to revive this case. In May 2021, more than four years after dismissal—and nearly four years ago—plaintiff filed a motion to "reopen" the case under Federal Rule of Civil Procedure 60(b)(6), citing his struggle with homelessness and certain medical and mental health issues. While acknowledging Plaintiff's personal difficulties, the court denied the motion as not filed within a reasonable time under Rule 60(b). (ECF No. 36.) The denial was affirmed by the appellate court more than two years ago.

The present motion cites similar grounds, but Plaintiff has not described any changed circumstances or any other reason why a different decision is required now. It is improper to raise issues in post-judgment motions that were or could have been presented earlier, including in previous post-judgment motions. *See Middleton v. N. Shore Movers, Inc.*, No. 03 C 4246, 2004 WL 783157, at *3 (N.D. Ill. Jan. 13, 2004) (citing *Planet Corp. v. Sullivan*, 702 F.2d 123, 126 (7th Cir. 1983)). While the Court may have discretion to entertain such motions in extraordinary circumstances, it is not inclined to do so here, where there has been no change in circumstances or new developments since Plaintiff's last post-judgment motion. *See United States v. Minson*, 39 F. App'x 438, 440 (7th Cir. 2002) *and Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 125 F.4th 1000, 1011-12 (10th Cir. 2025) (both citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). To reopen the case now would be to allow Plaintiff a do-over with a new judge, which does not comport with interests of judicial economy and finality.

**SO ORDERED.**                                              **ENTERED**: **April 11, 2025**

**JORGE L. ALONSO**
**United States District Judge**